**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Angela Clark, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Frost-Arnett Company, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| _____ | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

**PARTIES**

1.     Plaintiff, Angela Clark, is a natural person who resides in Coweta County, Georgia.

2.    Defendant, Frost-Arnett Company, is a corporation formed under the laws of the State of Tennessee and registered to do business in Georgia. Defendant may be served with process via its registered agent, C T Corporation System, 289 South Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.      Plaintiff is allegedly obligated to pay a consumer debt arising out of a medical visit and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a collection agency specializing in the collection of consumer debt.

9.      Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     The Plaintiff has fallen behind on a number of her accounts and bills, and she sought information from her creditors about her accounts so that she could prioritize her payments in a plan to get out of debt.

13.     On or about September of 2020, Plaintiff initiated a call to Defendant to obtain more information.

14.     Defendant informed Plaintiff that the account was for an unpaid balance on a medical visit.

15.     During the course of the call, Plaintiff asked how the account would be reported on her credit report if she made monthly payments on the account.

16.     Defendant was seeking to improve her credit score as a part of trying to get out of debt and handle her accounts which were behind.

17.     Defendant responded by stating that the tradeline would only be updated after it was paid in full and the account would never be deleted until it was paid in full.

18.     Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

19.      The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

20.     Defendant's representations were false and misleading, making Plaintiff believe that Defendant would leave the account on her credit report indefinitely until it was paid in full.

21.     The FCRA would require the account to be removed from Plaintiff's credit report seven (7) years from delinquency and the account was sent to collections.

22.     Defendant's representations were a threat to leave credit information on Plaintiff's credit reports for longer than the time allowed by law, thus threatening to take action which is not allowed under the FCRA.

23.     Plaintiff's accounts which were being collected by Defendant could only legally remain on Plaintiff's credit report for seven years from the date of being sent to collections or being "charged-off."

24.     Per 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA, a furnisher of credit information "…shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

25.     Moreover, a data furnisher, such as the Defendant, has an affirmative duty to update the information provided to a credit reporting agency to maintain accuracy and completeness. 15 U.S.C. § 1681s-2(a)(2)(B).

26.     Upon information and belief, Defendant's agreement(s) with Transunion and Experian require Defendant to report account information on a regular basis or schedule.

27.     Defendant's representations that Plaintiff's credit reports would not be updated as payments were made, but rather only after certain accounts were paid in

full was a false representation of the legal requirements for Defendant to update the information they provide to a credit reporting agency.

28.    Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

29.    Plaintiff was misled by Defendant's false statements and suffered actual and particularized harm as a result, including anxiety and worry about how long the account would affect her credit and taking time to consult with counsel about client's false statements.

30.    Defendant's representations mislead Plaintiff to believe that she needed to pay the accounts in full in order to have her credit report updated.

31.    Plaintiff suffered anxiety and worry about her credit report due to Defendant's misrepresentations in connection with the collection of a consumer debt.

## INJURIES-IN-FACT

32.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

33.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

34.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

35.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

36.     Defendant's acts and omissions caused particularized harm to the Plaintiff in that she was suffered anxiety and worry about her credit report and took time to discuss her debt with counsel in response to the false statements.

37.     Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## **DAMAGES**

38.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)     Anxiety and worry caused by concern that Defendant could report the account until it was paid off or that her credit history would not be updated properly.

## **CAUSE OF ACTION**

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 *et seq.***

39.     Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

40.     15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

41.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

42.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

43.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

44.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

45.     Defendant's representations or implications that led Plaintiff to believe that she may be subject to negative credit reporting indefinitely or that her payments would not be accurately reflected in connection with the debt were objectively false and/or materially misleading and a violation of 15 U.S.C. § 1692e, e(2)(A), e(5), e(8) and e(10) among others.

46.     As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

### O.C.G.A. § 10-1-390, *et seq.*

47.     Plaintiff incorporates by reference paragraphs 1 through 46 as though fully stated herein.

48.     O.C.G.A. § 10-1-390 *et seq*. is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

49.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

50.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

51.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

52.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

53.     Defendant's conduct has implications for the consuming public in general.

54.     Defendant's conduct negatively impacts the consumer marketplace.

55.     Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

56.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

57.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

58.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

59.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

60.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

61.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.)     Such other and further relief as may be just and proper.

Respectfully submitted this 15th day of September, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No.: 614061
P.O. Box 451328
Atlanta, GA 31145
470-990-2568
chris.armor@armorlaw.com

*Plaintiff's Attorneys*